[Cite as *State v. Dandy*, 2021-Ohio-652.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ERIKA DANDY | : | Case Nos.  2020-CA-0049 |
| | : | 2020-CA-0055 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas Case Nos. 2019-CR-0587 &
                                 2019-CR-0941


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                March 5, 2021


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JOSEPH C. SNYDER                         JOHN C. O'DONNELL, III
38 South Park Street                     10 West Newlon Place
Mansfield, OH  44902                     Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Erika Dandy, appeals her May 13, 2020 consecutive sentences by the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant was on probation in two separate cases.  She violated the terms of her probation.  A hearing was held on May 6, 2020, wherein appellant admitted to several community control violations.  By judgment entries filed May 13, 2020, the trial court sentenced appellant to six months in prison in each case, to be served consecutively.

{¶ 3}   Appellant filed an appeal in each case and this matter is now before this court for consideration.  The assignment of error is identical for each appeal:

I

{¶ 4}   "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES CONTRARY TO ORC §2929.14(C)(4)."

I

{¶ 5}   In her sole assignment of error in each case, appellant claims the trial court erred in imposing consecutive sentences.  We disagree.

{¶ 6}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Pursuant to R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C.

2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 7}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."   *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 8}   R.C.  2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 10} In each case, appellant was sentenced to three years of community control after having been convicted of possession of cocaine in violation of R.C. 2925.11, felonies of the fifth degree. *See* Sentencing Entries filed December 26, 2019. The trial court informed her that if she violated, "in each case she's looking at 12 months in prison." December 18, 2019 T. at 6.

{¶ 11} Appellant violated the terms of her community control and a hearing was held on March 18, 2020. The trial court ordered her to successfully complete the CROSSWAEH CBCF program when a bed was available and in the meantime, released her on her own recognizance. March 18, 2020 T. at 20-21. The trial court

informed her that if she messed up, "we're not talking CBCF," "[w]e'd be talking, you know, prison at that point." *Id.* at 18. Again, she was informed that if she violated, she would be looking "at 12 months in prison on each case, both cases." *Id.* at 21.

{¶ 12} Again, appellant violated the terms of her community control and a hearing was held on May 6, 2020. Appellant admitted to not entering and completing the CBCF program, testing positive for cocaine in March 2020, failing to make payments on her fines/costs, and being in the presence of individuals with active warrants. May 6, 2020 T. at 26-27. The trial court noted it gave appellant the opportunity at community control, and then sentenced her to six months on each case, to be served consecutively. *Id.* at 31. The trial court explained its reasoning for consecutive service as follows (*Id.* at 32):

> The reason they're consecutive is I think criminal history demonstrates - - and the prosecutor is right, Miss Dandy has a 2017 case, an (inaudible) case, a 2003 case, a 1999 case, and then two 2019 cases. So for that reason, I think the criminal history is enough that it's necessary to protect the public, punish the offender, it's not disproportionate to the seriousness of the conduct or the danger posed based on that criminal history.

{¶ 13} In its May 13, 2020 judgment entries, the trial court noted it considered the factors set forth in R.C. 2929.11 and 2929.12, and included its findings on consecutive sentences:

The sentences are made consecutive because consecutive sentences are necessary to protect the public from future crime or to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and because:

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} Appellant admitted to violating the terms of her community control a second time.  The trial court made all the required consecutive sentence findings at the sentencing hearing, and incorporated those findings into the sentencing entry.  The trial court considered the R.C. 2929.11 and 2929.12 factors and the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶ 15} Upon review, we find appellant has failed to clearly and convincingly establish that her consecutive sentences are unsupported by the record or contrary to law.

{¶ 16} The sole assignment of error in each case is denied.

{¶ 17} The judgments of the Court of Common Pleas of Richland County, Ohio are hereby affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Gwin, J. concur.


EEW/db